BdackFORD, J.
This was an action of assumpsit broughl by Duncan, assignee of a promissory note, against Cox, the maker. The note was for the payment of $100, was dated the *288 21st of September, 1840, and was payable on the 25th of December following. Pleas, the general issue, and want of consideration. Replication in denial of the special plea. The cause was submitted to the Court.
The evidence was as follows: At the time the note was given, Gox, the maker of the note, and another person, at the store of Simms, the payee of the note, contracted with Simms for goods of the value of $100, to be delivered by Simms to Cox, provided Mr. Van Burén should be elected President of the United States; but if General Harrison should be elected to that office, then Simms was to deliver the goods to the said other person. Thereupon, Cox executed the note sued on, and the other person gave Simms another note for the same amount. Only one of the notes was to be paid, and on the following condition: If Harrison should be elected, Cox was to pay the note he executed, and the other note was to be void- but if Van Burén should be elected, then the other person was to pay his note, and Goafs note was tobe void. The notes were deposited with Simms, to whom they were payable. General Harrison was elected. The witness, Stevens, who testified to the above-named facts, refused to answer the question, who was the otliei person referred to in his testimony? on the ground, that his answer would criminate himself. Between the 25th of December, 1840, and the 21st of February, 1841, the said witness, Stevens, received from Simms’ store goods to the amount of. $93.44; and he had previously received other *goods out of the store. On the 21st of February, 1841, he was credited on Simms’ books with $100 “by the assumption of Cox’’ the defendant. The plaintiff moved the Court to strike out all the testimony given by Stevens, because he refused to state with whom the defendant made the bet; but the motion was correctly overruled.
The Court gave judgment for the defendant.
As the defendant proved that the note sued on was not to be paid unless General Harrison should be elected President, and the goods should be delivered to the person with whom the defendant made the bet, it was for the plaintiff to show, *289 not only that Harrison had been elected, but also that the goods had been delivered to the winner. There was no proof, however, that the goods were so delivered; there was evidence that they were delivered to Stevens, but it was not shown that he was the person who made the bet with the defendant. The Judgment is right, therefore, on account of this defect in the plaintiff’s evidence. But, supposing the goods to have been delivered to the winner, there is another question in the cause arising under the general issue; and that is, whether the note sued on was not void on the ground that'the consideration was illegal ? The betting on the result of an election is prohibited by statute, (Rev. Stat., 1838, p. 324); and the payment of a bet, therefore, either.by the loser himself, or by any other person for him at his request, with notice of the facts, is a violation of the statute. In the case before us, the note was given in consideration of the delivery of goods as mentioned in the record, the payee knowing the circumstances. Such consideration was illegal because the delivery of the goods, made with notice, was for an unlawful purpose, viz., the payment of a bet on the result of an election.
The following cases support this opinion: A person sold and delivered certain drugs to a brewer knowing they were to be used in the brewery; and it was held that he could not recover the price. The reason was, that there was a statute prohibiting brewers from using anything but malt and hops in the brewing of beer. Langton v. Hughes, 1 M. & Selw., 593. It has been also held that money lent for the purpose of paying losses on illegal stock-jobbing transactions, *to which the lender was not a party, and which money was applied by the borrower to that purpose, could not be recovered back. This decision was made on the ground that the payment of such losses was prohibited by statute. The Court said that, as the statute prohibited the payment, the making of the payment was an unlawful act, and if it was unlawful for one man to pay, it was unlawful for another, with notice, to furnish him with the means of payment. Gannan v. Bryce, 3 Barn. & Ald., 179. Again, in a *290 suit on a lease of certain tenements, the defendant pleaded that the lease was entered into by the plaintiff and defendant, and that the premises were let, to the defendant for the express purpose of being used by the latter in drawing oil of tar and boiling tar, contrary to the provisions of the statute of 25th of Geo. the 3d; and the plea was held to be good. The Gas Light and Coke Co. v. Turner, 6 Bing., N. C., 324.
C. P. Hester, for the plaintiff.
J. Bodes, for the defendant.
These authorities show that if, in the case we have to decide, the payee of the note had sold and delivered the goods to the defendant for the express purpose of enabling him to pay the bet, the sale and delivery being for an unlawful-object, would have been illegal. It follows, of couyse, that the direct delivery of the goods by the payee to the winner, expressly in discharge of the bet, at the defendant’s request, must be also illegal. That being the case, the payee’s performance of a precedent condition, viz., the delivery of the goods to the winner, without which there could be no pretense to a suit on the note, gave no right of action on it, such delivery being an unlawful act.
Per Curiam.—The judgment is affirmed, with costs.